## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| **MICHAEL SMITH** | : | |
| 107 Alida Street | : | |
| Elizabethtown, PA 17022 | : | |
| | : | |
| Plaintiff, | : | JURY DEMANDED |
| | : | |
| v. | : | |
| | : | |
| **HARRISBURG AREA YMCA** | : | |
| 805 N. Front Street | : | No.: |
| Harrisburg, PA 17102 | : | |
| | : | |
| Defendant. | : | |

_____

## CIVIL ACTION COMPLAINT

And now Plaintiff, Michael Smith, by and through his undersigned counsel, files this Complaint alleging that his rights pursuant to the Americans with Disabilities Act of 1990, and avers as follows:

**I. Parties and Reasons for Jurisdiction.**

1. Plaintiff, Mr. Smith (hereinafter "Plaintiff" or "Smith"), is an adult individual residing at the above address.

2. Defendant, the Harrisburg Area YMCA, (hereinafter "YMCA" or "Defendant") is a local governmental agency organized and existing under the laws of the Commonwealth of Pennsylvania, registered to do business in the

Commonwealth of Pennsylvania, and with a principle place of business at the above address.

3. At all times material hereto, Defendant employed Mr. Smith in Pennsylvania at the above captioned address and qualified as Mr. Smith's employer under the Americans with Disabilities Act.

4. At all times material hereto, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein within the course and scope of their employment with and for Defendant.

5. Mr. Smith exhausted his administrative remedies pursuant to the Equal Employment Opportunity Act. (See Exhibit "A," a true and correct copy of a dismissal and notice of rights issued by the Equal Employment Opportunity Commission.)

6. This action is instituted pursuant to the Americans with Disabilities Act ("ADA").

7. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

8. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Mr. Smith was working for Defendant in

the Middle District of Pennsylvania at the time of the illegal actions by Defendant as set forth herein.

## II. Operative Facts.

9. On or about March 2, 2022, the YMCA hired Mr. Michael Smith as a Front Desk Receptionist. Mr. Smith performed all duties asked of him without any complaints or issues.

10. Throughout the course of Mr. Smith's employment with Defendant, he suffered five strokes and required medical appointments at hospitals. As a result of Mr. Smith's strokes, he was prescribed a heart monitor.

11. At each instance of Mr. Smith's absence from work, he produced a medical note from his doctor excusing his absence.

12. On July 14th, 2022, Mr. Smith's heart monitor malfunctioned, which necessitated him immediately calling his healthcare provider to diagnose and remedy the malfunction. Upon notifying his immediate supervisor, Devin Watson, Membership Director, of his heart monitor malfunction, Mr. Watson told Mr. Smith that he would not be scheduling him any hours until his health improves. (See Ex. B-text messages between Mr. Smith and Mr. Watson). Mr. Smith was terminated this same day.

13. It is believed and therefore averred that the proffered reason was a false pretext for unlawful discrimination against Mr. Smith borne from his real or perceived disabilities, resulting in his wrongful termination.

14. As a direct and proximate result of Defendant's conduct in terminating Mr. Smith's employment, Mr. Smith has sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well emotional distress, humiliation, pain and suffering and other damages as set forth below.

**III. Causes of Action.**

### COUNT I
### TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT DISCRIMINATION
### (42 U.S.C.A. § 12101 et seq)

15. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

16. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq, an employer may not discriminate against an employee based on a disability.

17. Plaintiff is qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

18. Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

19. At all times material hereto, Plaintiff had qualified disabilities, as described above.

20. Plaintiff's strokes and resultant need to wear a heart rate monitor, limited one or more of his major life activities, including, sleeping, concentrating, caring for himself and working.

21. Defendant's conduct in terminating Plaintiff's is an adverse action, was taken as a result of his disabilities and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

22. Defendant failed to engage in an interactive discussion of Plaintiff's disabilities and failed to reasonably accommodate his disabilities.

23. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

24. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demand punitive damages.

25. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Plaintiff demand attorneys' fees and court costs.

## COUNT II
## TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT RETALIATION
## (42 U.S.C.A. § 12101 et seq)

26. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

27. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq, an employer may not retaliate against an employee based them exercising their rights under the Americans with Disabilities Act.

28. Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

29. Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

30. As set forth above, Plaintiff engaged in protected activity when he requested accommodations for his disability, including the need for time off to attend to being hospitalized and to resolve his heart rate monitor issues.

31. Defendant failed to engage in the interactive process after Plaintiff told Defendant that he needed medical accommodations.

32.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is therefore made for equitable relief.

33.     As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

34.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Plaintiff demands attorneys' fees and court costs.

**WHEREFORE,** Plaintiff, Michael Smith, demands judgment in his favor and against Defendant, in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B. Punitive damages;

C. Attorneys' fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: */s/ Mary LeMieux-Fillery, Esquire*
**MARY LEMIEUX-FILLERY, ESQUIRE**
(PA I.D. 312785)
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19102
Ph: 267-546-0132
Fx: 215-944-6124
*Attorney for Plaintiff, Michael Smith*

Date: 11/29/2023

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.S. § 4904, relating to unsworn falsification to authorities.

11/28/2022
_____
(Date Signed)

Electronically Signed                                2023-11-29 14:16:48 UTC - 107.77.202.92
Nintex AssureSign®                                   f93b7f78-0988-47f2-ba15-b0c900e9e4ed

Michael Smith